IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **D.R.,** | * | |
| A minor, by her mother | * | |
| and next friend, | * | |
| **DELORES ROBINSON** | * | |
| 70 Galveston Street, S.W., Apt. #202 | * | |
| Washington, D.C. 20032 | * | |
| | * | |
| and | * | |
| | * | **Civil Action No:** |
| **DELORES ROBINSON** | * | |
| 70 Galveston Street, S.W., Apt. #202 | * | |
| Washington, D.C. 20032 | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| **GOV. OF DISTRICT OF COLUMBIA** | * | |
| A municipal corporation, | * | |
| 1350 Pennsylvania Ave., N.W. | * | |
| Washington, D.C. 20004 | * | |
| | * | |
| Serve on: | * | |
| Attorney General of D.C. | * | |
| Attn: Janice Stokes or Darlene Fields | * | |
| One Judiciary Square | * | |
| 441 4th Street, N.W., Suite 600 | * | |
| Washington, D.C. 20001 | * | |
| | * | |
| and | * | |
| | * | |
| Mayor Adrian Fenty | * | |
| Office of the Secretary | * | |
| Attn: Gladys Herring or Designee | * | |
| 1350 Pennsylvania Avenue, Ste. 419 | * | |
| Washington, DC 20004 | * | |

|   |   |
|---|---|
| CHANCELLOR | * |
| The Chancelor, Michelle Rhee | * |
| District of Columbia Public Schools | * |
| 825 North Capitol Street, NE | * |
| Washington, D.C. 20002 | * |
| Defendants(s) | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. D.R.. is a seventeen-year old child with a disability in the custody of Delores Robinson, in the District of Columbia, and has been determined eligible as Emotionally Disturbed by DCPS pursuant to IDEIA and section 504. The mother brings this action on her behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4. Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are

respected.

# FACTS

5.      D.R. is a 17-year old student who has been determined to need special education by DCPS and her IEP calls for 30 hours of special education services per week, with 27 hours for specialized instruction, 1 hr. for speech / language therapy, and 2 hrs. for occupational therapy.

6.      D.R. currently attends DC Alternative Learning Academy (DCALA).

7.      On June 11, 2006, a Hearing Officer's Determination (HOD) was issued regarding the student's case.  The HOD incorporated a settlement agreement between the student and DCPS, and ordered that DCPS complete, within forty-five (45) days of issuance of the Order, a comprehensive psychological evaluation, as well as a speech/language evaluation and a vocational assessment.  Additionally, within fifteen (15) days of receipt of the evaluations, DCPS was ordered to convene an MDT meeting to review the evaluations, review and revise the IEP as necessary, discuss and determine placement, discuss and determine the appropriateness of compensatory education, and develop a compensatory education plan as warranted.  DCPS subsequently violated this HOD by failing to perform the evaluations within the mandated time period, and likewise neglected to convene an MDT meeting for the student.

8.      On November 1, 2006, parent retained new counsel with the Law Offices of Christopher Anwah, PLLC.

9.      Since the 06/11/06 HOD, DCPS continued to deny the student FAPE for the 2006-2007SY.  DCPS continued to place D.R. at an inappropriate placement, at DCALA, which in fact closed down, and DCPS failed to provide D.R. with another placement. Furthermore, DCPS failed to complete or fund a comprehensive clinical, psychological, psycho-educational, occupational therapy, FBA, neuropsychological, Vineland Assessment, speech/language, or social history, to complete D.R.'s triennials and to fully evaluate her in all areas of her disability. Though D.R. was significantly below grade level in academics and exhibited significant negative

social-emotional behavior, DCPS continued to fail to provide D.R. with an appropriate IEP to address her academic deficiencies and social-emotional behavior, or provide her with all of the appropriate special education and related services she required. For example, though her previous evaluations recommended that D.R. receive group and individual therapy coupled with remediation, DCPS failed to provide her with these services or tracking forms to prove that such services were provided.

10. As a result of the outstanding HOD violation and other denials of appropriate services, the parent through counsel filed a due process complaint on 02/01/07. The complaint alleged that DCPS failed to complete the student's triennials, failed to provide an appropriate placement for D.R. for the 2004-2005, 2005-2006, and 2006-2007SY, failed to develop an appropriate IEP for the 2004-2005, 2005-2006, and 2006-2007SY, failed to provide appropriate special education and related services for the 2004-2005, 2005-2006, and 2006-2007SY, failed to provide transition services for the 2005-2006, and 2006-2007SY, failed to afford the parent an opportunity to participate in a placement meeting or inform the parent of her due process rights, and failed to provide D.R. with compensatory education.

11. On 04/05/07, a hearing was convened wherein the parent through counsel disclosed as evidence *inter alia*, the 12/22/04 IEP and MDT meeting notes, D.R.'s Stanford Nines, a 04/30/03 clinical evaluation, a 10/22/02 psycho-educational evaluation, a 11/19/03 IEP, and the 11/12/06 letter sent to DCPS requesting D.R.'s documents.

12. During the said hearing, DCPS stated to the hearing officer that an HOD was issued for the student on 06/11/06. DCPS argued that this HOD previously resolved all issues presented forth in the 02/01/07 complaint. The hearing officer reviewed the HOD and determined that each of the issues raised in the 02/01/07 complaint had previously been raised in an 04/26/06 complaint filed by the previous attorney for the parent / student, and that these issues had been resolved in the 06/11/06 HOD, which he found to be valid and current.

13. On 04/17/07, the hearing officer issued an HOD in which he dismissed the claim against DCPS, even though DCPS had not provided D.R. with updated triennial evaluations, with all of the evaluations that were necessary and were ordered by the 06/11/06 HOD, and had not provided D.R. with an appropriate IEP, special education and related services, transition services or placement. He further dismissed the complaint against DCPS though DCPS failed to meet its burden for claim preclusion. The hearing officer erroneously determined that the issues raised in the 02/01/07 complaint were barred by res judicata, claiming that they had been previously litigated despite the fact that several causes of actions in the 02/01/07 complaint arose from DCPS' denial of FAPE to D.R. that occurred after the 06/11/06 HOD was issued, that is, for DCPS' denials of FAPE for D.R. for the 2006-2007 SY.

14  DCPS continued to fail to provide D.R. an appropriate placement for the 2006/2007 SY, as her current placement was not appropriate for her needs, and in fact had shut down; DCPS likewise continued to fail to develop an appropriate IEP for D.R. for the 2006/2007 SY, continued to fail to provide appropriate educational and related services for the 2006/2007 SY, continued to fail to provide transition services, continued to deny her compensatory education, and continued to fail to complete her triennials or otherwise evaluate D.R., for the 2006-2007SY, all issues which were not raised, litigated or decided in the 06/11/06 HOD. DCPS has engaged in a continuous cycle of denying D.R. FAPE, which has in turn created additional causes of action beyond those decided in the 06/11/06 HOD, as illustrated by the 02/01/07 complaint.

15  Finally, the hearing officer's decision to dismiss the complaint on the basis of res judicata was in error because the burden had not been met at the hearing to establish claim preclusion. It is the party who wishes to make benefit of claim preclusion who has the burden of proving that the doctrine is applicable.

## COUNT I

16  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

17  Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

18. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

19  Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to provide her with appropriate special education services, by not completing appropriate evaluations.

## COUNT III

20. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

21. The hearing officer erred in his decision to dismiss the case against DCPS in its entirety despite the fact that part of the violations alleged in plaintiff's due process complaint accrued after the 6/11/06 HOD that was erroneously relied on by the Hearing Officer in support of his finding of res judicata.

## COUNT IV

22. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

23. The hearing officer erred in his decision to dismiss the case against DCPS without considering the facts of the case which showed that the student was denied FAPE for the 2006-2007 school year.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for Plaintiffs and against defendants on all aforementioned counts;
2. Order that the April 17, 2007 Hearing Officer's Determination be reversed, and the relief in the underlying due process complaint be granted;
3. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and
4. Award any other and further relief the Court deems just and proper.

       Respectfully submitted,
       THE IWEANOGES' FIRM P.C.


By:_____
       Jude C. Iweanoge, Bar #493241
       IWEANOGE LAW CENTER
       1026 Monroe Street, NE
       Washington, D.C. 20017
       Phone: (202) 347-7026
       Fax: (202) 347-7108
       Email: jci@iweanogesfirm.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| D.R. et al.  1109 | Gov't of District of Columbia et al. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) _____ NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Jude C. Iweanoge, Esq.  1026 Monroe Street, NE  Washington, D.C. 20017 | ATTORNEYS (IF KNOWN)  Case: 1:07-cv-01266  Assigned To : Bates, John D.  Assign. Date : 7/16/2007  Description: Admn. Agency Review |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ⊙ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
IDEIA - Denial of FAPE    20 USC 1415

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE July 16, 2007    SIGNATURE OF ATTORNEY OF RECORD  /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.