UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dolores Robinson, for** <br> **D.R., a minor, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA, et al.,** <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 07-1266 (JDB) <br> : <br> : <br> : <br> : <br> : |

### DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

The Defendants, by counsel, hereby move this Court for partial dismissal of Plaintiffs' claims under 42 U.S.C. §1983 and 29 U.S.C. § 794, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief could be granted.

The reasons for the motion are set forth in the accompanying Memorandum of Points and Authorities. A proposed Order is also attached.

                                          Respectfully submitted,

                                          LINDA SINGER
                                          Attorney General for the
                                          District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          ***/s/ Edward P. Taptich***
                                          EDWARD P. TAPTICH [#012914]
                                          Chief, Equity Section II

2

|  |  |
|---|---|
|  | */s/ Amy Caspari* |
|  | Amy Caspari [#488968] |
|  | Assistant Attorney General |
|  | 441 Fourth Street, N.W. |
|  | Sixth Floor South |
|  | Washington, D.C. 20001 |
|  | (202) 724-7794 |
| August 8, 2007 | email:  amy.caspari@dc.gov |

Case 1:07-cv-01266-JDB   Document 2   Filed 08/08/2007   Page 2 of 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Dolores Robinson, for** <br> **D.R., a minor, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA, et al.,** <br><br> **Defendants.** | Civil Action No. 07-1266 (JDB) |

## MEMORANDUM AND POINT OF AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

On July 16, 2007, Plaintiffs filed a complaint ("Complaint") for relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq ("IDEIA"). Plaintiffs request this Court to determine the hearing officer's April 17, 2007, decision ("HOD"), to have been in error, reverse the HOD, and grant the relief requested in the underlying due process complaint. Complaint p. 6, ¶2.

The Complaint (¶1), states that it is being filed pursuant to the IDEIA, 29 U.S.C. § 794 ("Section 504"), and 42 U.S.C. §1983 ("Section 1983"). For the reasons set out below, Defendants' submit that the Section 1983 and Section 504 portions of the Complaint should be dismissed under Fed. R. Civ. P. 12 (b)(6), for failure to state a claim upon which relief can be granted.

3

**ARGUMENT**

1. **To the extent the Complaint asserts rights under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff has failed to state a claim for which relief can be granted.**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider whether the factual allegations are enough to suggest that a claim to relief is plausible. Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1960 (May 21, 2007). "Asking for plausible grounds [] does not impose a probability requirement at the pleading stage. . . ." Id. However, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). See also Papasan v. Allain, 478 U.S. 265, 286 (1986).

While the Complaint asserts a cause of action under 42 U.S.C. §1983 (Complaint para. 1), that assertion of jurisdiction is plainly in error. 42 U.S.C. §1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. see e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000). And as to a finding of liability under Section 1983 based on an IDEA violation, a four-part test must be met:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted).

The court in Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003), while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEIA claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. (slip op. at 10)  Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id.  The same result, for the same reasons, was also reached in R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003), and in Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 10); Robinson v District of Columbia, Civ. No. 06-1253 (D.D.C. August 2, 2007)(slip op at 8); Abarca v District of Columbia, Civ. No. 06-01254 (D.D.C., June 29, 2006) (slip op at 5).  Compare Bowman v. District of Columbia, Civ. No. 05-1933 (D.D.C., August 2, 2006)(slip op. at 5-7).

In this case, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction (Complaint ¶1), there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation.  Accordingly, any claims based on Section 1983 must be dismissed.

5

2. **To the extent the Complaint asserts rights under the Rehabilitation Act, 29 U.S.C. § 794, Plaintiff has failed to state a claim for which relief can be granted.**

In their Complaint (¶1, ¶16), Plaintiffs allege a violation of Section 504 of the Rehabilitation Act. Complaints arising under IDEIA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute —intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action. "Though the threshold to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is relatively low, plaintiffs' failure to allege any facts that would tend to support a claim under Section 504 renders dismissal of this claim appropriate." R.S. v. District of Columbia 292 F.Supp.2d 23, 28 (D.D.C. 2003).

Recently, on July 23, 2007, this Judge issued a determination regarding use of Section 504 for IDEIA cases in another case;

> This statute seems an odd fit for a setting in which local governments are charged with providing specialized education for disabled students. Courts have recognized this incongruity and have thus required that plaintiffs claiming a violation of § 504 demonstrate 'something more than a mere failure to provide the [FAPE]' mandated by the IDEIA.

T.T. v. District of Columbia  2007 WL 2111032, *10, D.D.C. (D.D.C.,2007) (quoting Lunceford v. District of Columbia Bd. of Educ., 745 F.2d 1577, 1580 (D.C.Cir.1984) (citation omitted). See also Sellers v. Sch. Bd. of Manassas, 141 F.3d 524, 529 (4th Cir.1998); R.S. v. District of Columbia, 292 F.Supp.2d 23, 28 (D.D.C.2003). "Either bad faith or gross misjudgment on the part of the governmental defendants must be shown."

6

T.T. v. District of Columbia, supra at *10 (D.D.C. 2007), (quoting R.S., 292 F.Supp.2d at 28; Walker v. District of Columbia, 969 F.Supp. 794, 797 (D.D.C.1997); accord Sellers, 141 supra.) see also Monohan v. Nebraska, 687 F. 2d. 1074, 1170-71 (8th Cir. 1982) (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals.")

In addition to Plaintiffs' failure to state a claim beyond an IDEIA violation, they also fall short of establishing that Defendants have acted in "bad faith" or in "gross misjudgment," the standard for a Section 504 Claim required by the cases above. see Savoy-Kelly v. Eastern High School, supra, (slip op at 10); T.T. v. District of Columbia, supra; R.S. v. District of Columbia, supra. Compare Bowman v. District of Columbia, supra. Therefore, Plaintiffs' Section 504 claims should be dismissed.

## CONCLUSION

Since Plaintiffs' Complaint fails to properly raise claims pursuant to Section 1983 and Section 504, those claims should be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

8

                                        */s/ Amy Caspari*
                                        Amy Caspari [#488968]
                                        Assistant Attorney General
                                        441 Fourth Street, N.W.
                                        Sixth Floor South
                                        Washington, D.C. 20001
                                        (202) 724-7794
August 8, 2007                        email:  amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dolores Robinson, for**<br>**D.R., a minor, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA, et al.,**<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 07-1266 (JDB)<br>:<br>:<br>:<br>: |

## ORDER

Upon consideration of Defendants' Motion for Partial Dismissal, filed August 8, 2007, the Plaintiffs' response thereto, and the record herein, it is hereby **ORDERED** that:

1. Defendants' Motion for Partial Dismissal is **GRANTED**; and it is

2. **FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED** with prejudice as to her Section 1983 and Section 504 claims.

_____
United States District Court Judge

1