IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DOLORES ROBINSON, et al** | * | |
| Plaintiffs | * | |
| | * | **Civil Action No: 07-1266 (JDB)** |
| v. | * | |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

COMES NOW, the Plaintiffs, Delores Robinson and D.R., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendants Motion to Dismiss Plaintiffs Complaint because the court does not have subject matter jurisdiction. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:_____/s/_____
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DELORES ROBINSON, et al** | * | |
| Plaintiffs | * | |
| | * | **Civil Action No: 07-1266(JDB)** |
| v. | * | |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

**************************************

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### PROCEDURAL POSTURE

On July 16, 2007, Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), premised on Defendants violation of Plaintiffs' rights under the IDEIA.

On or about August 08, 2007, Defendant District of Columbia Public Schools filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim should be partially dismiss because it failed to allege sufficient facts to sustain a claim under Section 1983 and 504.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," <u>Kowal v. MCI Communications Corp</u>., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed

true and liberally construed in favor of the plaintiff. <u>See Shear v. National Rifle Association of America</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. <u>Ezra v. Pedas</u>, 682 A.2d 173, 174 (D.C. 1996). The defendants have failed to make a showing that the complaint fails to state a claim upon which relief can be granted.

I. **PLAINTIFFS' COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §1983**

Defendant contend in their motion that plaintiffs' complaint should be dismissed because the court does not have jurisdiction under §1983. However, in <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Supreme Court found that Congress did not intend to preclude the plaintiffs' rights under any other law provided to the plaintiffs. The Court found that "the general rule . . . is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to the federal statute." <u>Id.</u> at 70-71. The Supreme Court further found that ". . . although we examine the text and history of a statute to determine whether Congress intended to create a right of action, we presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise. <u>Id.</u> As such in the instant case, Congress has not made any express indication that §1983 claims are barred by the IDEIA. Therefore, this case should not be dismissed.

Additionally, in <u>Walker v. District of Columbia</u>, 969 F.Supp. 794 (D.C., 1997) this Court recognized that "nothing in this chapter [§1415] shall be construed to restrict or limit the rights, procedure, and remedies available under the Constitution, Title V of the Rehabilitation Act of

1973, or other Federal statutes protecting the rights of children and youth with disabilities . . .' Id. This court found that Walker had a valid §1983 claim and a valid §504 claim so as to move forward with the case. The court in Walker cited to W.B. v. Matula, 67 F.3d at 494-95 (3d Cir. 1995), (money damages could be awarded under §1983 for IDEA claims).

In Eric David Olson, et al, v. Robinsdale Area Schools, et al, 2004 U.S. Dist. LEXIS 9858, the court found that the Plaintiffs may bring a special education claim under 42 U.S.C. §1983. The court in Olson stated that "under §1983, a person who deprives another 'to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable' to the injured party." Id. at 8. The court determined that "the right to have a hearing officer's decision carried out is a right 'secured by the laws of the United States." Id. In the instant case, the school system deprived the student of an appropriate placement by not placing the student in a school that could implement her IEP. Therefore, according to Olson, the student receiving an appropriate education is a right "secured by the laws of the United States." Therefore, §1983 applies to the case at hand.

In the instant case the District seeks to dismiss plaintiff's section 1983 claim because in its view, the complaint does not allege facts showing the municipal policy that violated his constitutional rights as required by Monell. The Monell standard, contrary to the District's contention, is not applicable to plaintiff's claim. In Atchinson v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996) the court had to decide whether a plaintiff asserting a section 1983 claim of municipal liability is required to allege the policy, specific custom or procedure that was adopted by the District that caused the constitutional violation. The Circuit Court following the Supreme Court's lead in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), determined that the plaintiff's complaint was not deficient simply because

4

it "failed to identify a specific custom, policy statement, or procedure that caused his injuries," and otherwise "failed to state facts supporting its allegation." Moreover, this case is far too early of a state for dismissal for failure to name a specific policy or custom, to be appropriate. Nearly every issue in this case would benefit from illumination through amendment of pleadings and a review the administrative record after it is filed by the Defendant. The record has not been developed to the point where specific customs and policies of the District of Columbia can be specifically addressed.

In Atchinson v. District of Columbia, 73 F.3d at 422, the Circuit Court found that it was enough for the plaintiff to "allege facts that may reasonably suggest misconduct sufficiently serious and obvious to justify an allegation of improper training." Id. In addition, the Circuit Court also found that plaintiff's use of the phrase "deliberate indifference" without any facts or even generalized factual allegations regarding such alleged indifference renders the complaint adequate. Id. at 423.

Accordingly, Plaintiffs have alleged sufficient facts to sustain their claim under Section 1983. In the event the Court finds otherwise, it should in the alternative grant Plaintiffs leave to amend their complaint.

II.  **PLAINTIFFS' COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE SECTION 504 OF THE REHABILITATION ACT.**

In Walker v. District of Columbia, 969 F.Supp. 794 (D.C., 1997), the Court found that the plaintiff had a claim under § 504 based on the facts that he was not receiving his appropriate special education services. In order to sustain a §504 claim "either bad faith or gross misjudgment must be shown before a Section 504 violation can be made out . . ." Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982).

In the case *sub judice,* it was a gross misjudgment and bad faith for the school system to place the student in a school that could not provide her with an appropriate placement and without a placement meeting so the parent could have an input, thereby significantly impeding the parent's right to participate in the decision making process of her daughter's education. Since the District of Columbia Public Schools' officials placed her after DCALA closed, that is bad faith and a gross misjudgment. This clearly demonstrates bad faith and a gross misjudgment by the school system.

Therefore, Plaintiff has alleged bad faith and a gross misjudgment on the part of Defendants and is entitled to sustain her claim under Section 504. In the alternative if the Court finds otherwise, it should grant Plaintiff leave to amend her complaint.

## **CONCLUSION**

WHEREFORE, the Plaintiffs request this Honorable Court to deny Defendants' motion to dismiss or in the alternative grant Plaintiffs leave to amend their complaint.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.


By:_____/s/_____
    Jude C. Iweanoge, Bar #493241
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, D.C. 20017
    Phone: (202) 347-7026
    Fax: (202) 347-7108
    Email: jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on 21st September 2007 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                                     _____/s/_____
                                                                         Jude C. Iweanoge