**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DELORES ROBINSON, for D.R., a minor, et al.,**

**Plaintiffs,**

**v.**

**DISTRICT OF COLUMBIA, et al.,**

**Defendants.**

**Civil Action No. 07-1266 (JDB)**

**MEMORANDUM OPINION**

Plaintiffs D.R., a minor, and Delores Robinson, D.R.'s mother and next friend, bring this action against the District of Columbia and Michelle Rhee, the Chancellor of the District of Columbia Public Schools ("DCPS"). Plaintiffs allege that defendants denied D.R. a free appropriate public education ("FAPE") and special education services to which she was entitled under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 et seq., and that a hearing officer's April 17, 2007 determination to dismiss their case was in error. Plaintiffs' complaint is brought pursuant to the IDEIA, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and 42 U.S.C. § 1983 ("Section 1983"). Currently before the Court is defendants' motion for partial dismissal. Upon careful consideration of the motion and the parties' memoranda, the applicable law, and the entire record, the Court will grant defendants' motion.

**BACKGROUND**

The D.C. public school system has previously determined that D.R., a seventeen-year-old student, requires special education services. Compl. ¶ 5. On June 11, 2006, a hearing officer's

determination ("HOD") was issued regarding D.R.'s special education requirements. The HOD incorporated material from a settlement agreement between D.R. and DCPS and required DCPS to conduct certain evaluations and assessments of D.R. Id. ¶ 7. When the testing was completed, DCPS was to convene a meeting to review the results and make any changes that may be needed in D.R.'s existing individual education plan ("IEP"). Id. According to plaintiffs, DCPS failed to fulfill its obligations under the HOD. Id.

Plaintiffs thereafter filed a due process complaint on February 1, 2007. Id. ¶ 10. After a hearing was conducted and evidence was reviewed, the hearing officer determined that all of the issues had been raised in plaintiffs' previous complaint and had been resolved in the June 11, 2006 HOD, "which he found to be valid and current." Id. ¶ 12. Thus, the hearing officer dismissed plaintiffs' complaint on the basis of res judicata, id. ¶ 15, and plaintiffs then turned to this Court seeking relief.

Plaintiffs set forth four counts in their complaint: (1) that defendants failed to provide D.R. with a FAPE in violation of IDEIA and Section 504, (2) that defendants failed to provide D.R. with appropriate special education services and evaluations in violation of IDEIA, (3) that the hearing officer erred in his decision to dismiss plaintiffs' case in its entirety on the basis of res judicata, and (4) that the hearing officer erred in his decision by failing to consider new facts in the case. Pursuant to Fed. R. Civ. P. 12(b)(6), defendants have now moved for partial dismissal of plaintiffs' claims under Section 1983 and Section 504 for failure to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted). Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is impossible, and 'that a recovery is very remote and unlikely,'" id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed. R. Civ. P. 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" id. at 1966 (quoting Fed. R. Civ. P. 8(a)(2)).

      The notice pleading rules, however, are not meant to impose a great burden on a plaintiff. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968

(D.C. Cir. 1979); see also Erickson, 127 S. Ct. at 2200 (citing Bell Atl. Corp., 127 S. Ct. at 1965)). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan, 478 U.S. at 286).

## DISCUSSION

### I. Section 1983

When a student is denied special education services to which he is entitled, the typical remedy is to provide compensatory education. See Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001). Because IDEIA does not provide for compensatory damages, plaintiffs occasionally assert Section 1983 claims to seek monetary relief as an additional remedy for IDEIA violations. Defendants argue, however, that in the instant action plaintiffs have failed to state a claim for relief under Section 1983. Indeed, several other courts have dismissed similarly pled complaints for failing to state a Section 1983 claim. See, e.g., Savoy-Kelly v. Eastern High Sch., Civ. No. 04-1751, slip op. at 10-11 (D.D.C. April 14, 2006); R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003); Jackson v. District of Columbia, Civ. No. 02-968, slip op. at 10 (D.D.C. Sept. 21, 2003); see generally Sellers v. Sch. Bd. of City of Mannassas, 141 F.3d 524, 529 (4th Cir. 1998) (holding that "[b]ecause IDEA provides a comprehensive remedial scheme for violations of its own requirements . . . parties may not sue under section 1983 for an

IDEA violation"), cert. denied, 525 U.S. 871 (1998).  In reaching their conclusions, these previous decisions have relied on the four-part test articulated in Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001).

Applying the four-part test here, to base their Section 1983 claim on violations of IDEIA plaintiffs must show: (1) that the school system violated one or more provisions of IDEIA, (2) that "exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [D.R.] from securing equitable relief under the IDEA," (3) "that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations," and (4) why the normal IDEIA remedies, such as compensatory education, are inadequate to compensate for the harm suffered.  Id.

Plaintiffs have satisfied the first requirement with their allegations that defendants have failed to provide D.R. with a FAPE, with appropriate special education services, and with evaluations required under the June 11, 2006 HOD.  However, even when the complaint is liberally construed in plaintiffs' favor, they have failed to allege sufficient factual allegations to satisfy the remaining three requirements of the test.  Although the Court recognizes that the denial of special education services may have a serious impact on the development of a student, plaintiffs have failed to allege exceptional circumstances or persistent egregious conduct by defendants "that would distinguish this case from the garden variety IDEA case in which a school district fails to provide an appropriate, timely IEP or fails to hold a timely due process hearing." Id. at 34.  Plaintiffs' complaint also fails to "include some factual basis for the allegation of a municipal policy or custom" that has propelled the alleged violations.  Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996).  And finally, plaintiffs have not attempted to

explain why specific performance and compensatory education would be inadequate remedies. Indeed, plaintiffs primarily seek this relief with the general additional caveat for the Court to award any further relief it deems just and proper.

Because plaintiffs' complaint fails to set forth any factual allegations that could be construed to support three out of four requirements of the established test for premising a Section 1983 claim on IDEIA violations, plaintiffs' Section 1983 claim must be dismissed.

**II. Section 504**

Count I of the complaint alleges that defendants' "failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504." Compl. ¶ 17. Defendants have moved to dismiss the Section 504 claim noting their belief that the Rehabilitation Act "--intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g. Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984) -- is wholly irrelevant here." Defs.' Mem. at 6.

Section 504 prohibits programs and entities that receive federal funding from denying benefits to, or otherwise discriminating against, a person "solely by reason" of that individual's handicap. 29 U.S.C. § 794(a). As this Court has previously noted, "[t]his statute seems an odd fit for a setting in which local governments are charged with providing specialized education for disabled students." T.T. v. District of Columbia, 2007 WL 2111032, at *10 (D.D.C. July 23, 2007). Recognizing this incongruity, courts have determined that "in order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the 'free appropriate education' . . . must be shown." Lunceford v. District of Columbia Bd. of Educ., 745 F.2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d 1164, 1170 (8th Cir. 1982)); see

also Sellers, 141 F.3d at 529; T.T., 2007 WL 2111032, at *10; R.S., 292 F. Supp. 2d at 28. Specifically, plaintiffs must show either bad faith or gross misjudgment on the part of the governmental defendants. See T.T., 2007 WL 2111032, at *10; R.S., 292 F. Supp. 2d at 28; Walker v. District of Columbia, 969 F. Supp. 794, 797 (D.D.C. 1997); accord Sellers, 141 F.3d at 529.

Although plaintiffs' complaint includes allegations that defendants failed to provide D.R. with a FAPE, that defendants failed to provide appropriate special education services and evaluations, and that the hearing officer erred in his decision to dismiss plaintiffs' case in its entirety, the complaint completely fails to suggest allegations of bad faith or gross misjudgment sufficient to support a Section 504 claim. Hence, that claim must be dismissed.

**CONCLUSION**

As currently pled, this case appears to be "no different from the unfortunate multitude of others in this district in which, [plaintiffs allege that] through the denial of certain procedural rights guaranteed by the IDEA, DCPS failed a young . . . student more than once and deprived [her] for a time of a free and appropriate public education." Walker, 157 F. Supp. 2d at 35. Plaintiffs are, therefore, limited to their IDEIA remedies. Accordingly, and for the reasons stated above, this Court will grant defendants' partial motion to dismiss the Section 1983 and Section 504 claims.

Recognizing the possibility of this outcome, plaintiffs have sought leave to amend their complaint. See Pls.' Opp. at 5, 6. Because Fed. R. Civ. P. 15(a) allows parties to amend their pleadings once as a matter of course before a responsive pleading has been filed and because a motion to dismiss does not constitute a responsive pleading, plaintiffs have the option of

amending their complaint if they so choose. See James V. Hurson Assoc., Inc. v. Glickman, 229 F.3d 277, 283 (D.C. Cir. 2000) (confirming that "a motion to dismiss is not a responsive pleading for the purposes of Rule 15"). A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:   February 26, 2008